UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re:<br><br>**JOHN R. ZENONOS**,<br><br>     Debtor. | Chapter 13<br>Case No. 26-20012 |
| **JOHN R. ZENONOS**,<br><br>     Plaintiff,<br><br>v.<br><br>**JOSEPH DUNNE, CT PROPERTIES LLC, D&D MANAGEMENT LLC, KLOA LLC, SPM MANAGEMENT LLC, DEBORAH SULLIVAN, and DANA TURNER**,<br><br>     Defendants. | Adversary Proceeding<br>Case No. 26-02009 |

**ORDER GRANTING JOHN R. ZENONOS' MOTION
FOR DETERMINATION OF FILING FEE OR
PERMISSION TO PAY IN INSTALLMENTS**

John R. Zenonos, the debtor in the underlying bankruptcy case and the plaintiff in this adversary proceeding, requests an order from this Court determining that he does not owe a fee in connection with the filing of the April 21, 2026 Notice of Removal of the civil action pending in the Maine Superior Court to this Court, or, if he does owe a fee, that he be permitted to pay it in installments (the "Motion"). Docket Entry ("D.E.") 5. For the reasons below, the Court determines Mr. Zenonos owes no filing fee.

1

**Facts**

Mr. Zenonos is the plaintiff in a civil action filed against Joseph Dunne, CT Properties LLC, D&D Management LLC, KLOA LLC, SPM Management LLC, Deborah Sullivan, and Dana Turner in the Oxford County (Maine) Superior Court (the "State Court Action").  He filed for bankruptcy relief under chapter 13 in this Court on January 22, 2026.  He commenced this adversary proceeding on April 21, 2026 when he filed a notice of removal in this Court. D.E. 1.  Simultaneously, he filed the Motion asserting, among other things, that he "believes that under **Item [6] of the Bankruptcy Court Miscellaneous Fee Schedule**, no fee is required because the debtor is the plaintiff in this adversary proceeding."[1]  (emphasis in the original). D.E. 5.

**Discussion**

The question before the Court is whether a filing fee is due upon the filing of a notice of removal and so the Court initially looks to Congress to see if it has spoken on that subject.  *United States v. Kras*, 409 U.S. 434, 447 (1973) ("Congressional power over bankruptcy, of course, is plenary and exclusive."); U.S. CONST. art. I, § 8, cl. 4 (The Congress has the power "[t]o establish . . . uniform Laws on the subject of Bankruptcies throughout the United States . . . .").   Congress has in the form of the bankruptcy fee statute - 28 U.S.C. § 1930.[2]  *In re Butchart*, No. 19-33243, 2023 WL 4414417, at *2; 2023 Bankr. LEXIS 1709, at *4 (Bankr. N.D. Ohio July 7, 2023)

---

[1]   Although Mr. Zenonos cites to Item 9 of the Bankruptcy Court Miscellaneous Fee Schedule, that item addresses the $15 fee payable to chapter 7 trustees upon the filing of a chapter 7 petition, a notice of conversion to chapter 7, and motions to convert, divide or reopen chapter 7 cases.  The Court assumes that Mr. Zenonos bases his request on Item 6 of the Bankruptcy Court Miscellaneous Fee Schedule which provides for the following fee:  "For filing a complaint, $350, except . . .  [t]his fee must not be charged if  . . . the debtor is the plaintiff . . .."   The Bankruptcy Court Miscellaneous Fee Schedule is published on the United States Courts' website at: https://www.uscourts.gov/court-programs/fees/bankruptcy-court-miscellaneous-fee-schedule and may be accessed on this Court's website at: https://www.meb.uscourts.gov/fees.

[2]   The Court also looked to 28 U.S.C. § 1452 (the bankruptcy removal statute) and Fed. R. Bankr. P. 9027 (bankruptcy removal rule) but neither imposes a filing fee for removal.

("Bankruptcy filing fees are governed by 28 U.S.C. § 1930.") (internal citations omitted).

Bankruptcy filing fees are established by § 1930 in two ways.

Some are set directly by Congress in the statute.  Subsection (a) designates the fees for commencing cases under the various chapters of the Bankruptcy Code and the quarterly fee payable to the United States Trustee or the Bankruptcy Administrator in certain chapter 11 cases. Subsection (c) designates filing fees relating to an appeal or writ of certiorari.  Subsection (d) authorizes a court to order the payment of costs when a case or proceeding is dismissed by a bankruptcy court for want of jurisdiction.

Other fees are set indirectly.  Congress delegated to the Judicial Conference of the United States the authority to "prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title [the district court fee statute]." 28 U.S.C. § 1930(b).  Under subsection (b) of the district court fee statute, Congress limits the type of fees that can be levied: "[t]he clerk shall collect from the parties such additional fees *only* as are prescribed by the Judicial Conference of the United States."  28 U.S.C. § 1914(b) (emphasis added.)  The bankruptcy fee statute provides an additional limitation that the bankruptcy clerk "may collect *only* the fees prescribed under this section [§ 1930]."  28 U.S.C. § 1930(e) (emphasis added); *In re Madison Square Boys & Girls Club, Inc.*, 642 B.R. 487, 492-93 (Bankr. S.D.N.Y. 2022).

So, through the authority provided by 28 U.S.C. § 1930(b) and as limited by the "kind" of fees prescribed by § 1914(b) and § 1930, the Judicial Conference created the Bankruptcy Court Miscellaneous Fee Schedule.[3]  Thus, the universe of applicable bankruptcy fees is confined to fees

---

[3]  The authority granted by Congress to the Judicial Conference in 28 U.S.C. § 1930(b) to set fees in bankruptcy matters is similar to, but distinct from, the authority granted by Congress to the Judicial Conference in 28 U.S.C. § 1914(b) to set fees in district court matters.  *In re Baumler*, 2010 WL 3239354 at *1; 2010 Bankr. LEXIS 2744 at *2, (Bankr. N.D. Ohio Aug. 16, 2010) ("Section 1930(b) is the provision which permits the Judicial Conference of

3

specifically set forth in 28 U.S.C. § 1930 and fees prescribed by the Bankruptcy Court Miscellaneous Fee Schedule. Unlike its district court counterpart which permits district court clerks to require a filing fee of $350 for the filing of "any civil action, suit or proceeding in such court, whether by *original process, removal or otherwise*," 28 U.S.C. § 1914(a) (emphasis added), neither 28 U.S.C. § 1930 nor the Bankruptcy Court Miscellaneous Fee Schedule sets a fee for the filing of a notice of removal. Although 28 U.S.C. § 1930 expressly points to § 1914*(b)*, nothing in § 1930 permits a bankruptcy court clerk to look to § 1914*(a)*, a subsection limited to the district court, to impose a filing fee for removals. The plain wording of 28 U.S.C. § 1930(b) and (e) prevents that.

And, the setting of a $350 fee in Item 6 of the Bankruptcy Court Miscellaneous Fee Schedule is limited to a specific act – the filing of a complaint. There is no indication in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Bankruptcy Court Miscellaneous Fee Schedule that would lead one to understand that the "filing of a complaint" is a broader term used to include other acts like the filing of a notice of removal. An examination of the use of the terms to "file a complaint" or the "filing of a complaint" in the Federal Rules of Bankruptcy Procedure bears that out. *See* Fed. R. Bankr. P. 4004(a)(1) and (2) (filing a complaint to object to a discharge); Fed. R. Bankr. P. 4007(a),(c) (filing a complaint to determine nondischargeability); and Fed. R. Bankr. P. 7003 (commencing an adversary proceeding by the filing of a complaint) by way of reference to Fed. R. Civ. P. 3.

Further emphasizing that they are different acts, the procedural ramifications of commencing an adversary proceeding by the filing of a complaint are distinct from those that result

---

the United States to establish other filing fees in bankruptcy cases, which parallels the authority to establish fees for district court cases under 28 U.S.C. § 1914(b).").

from filing of a notice of removal. Fed. R. Civ. P. 3, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7003, provides that an adversary proceeding is commenced by the filing of a complaint. Once that happens, the parties must comply with the requirements of Fed. R. Bankr. P. 7004. Conversely, if a notice of removal is filed, the parties must comply with the procedures under Fed. R. Bankr. P. 9027 which provides the procedural framework for removing a civil action to bankruptcy court. Rule 9027 does not equate the filing of a notice of removal with the filing of a complaint but instead treats it as a distinct procedural act.

Courts generally interpret rules of procedure using the same tools applied to statutes and when the text of a rule is clear, the inquiry typically ends. *Bus. Guides, Inc. v. Chromatic Communc'n Enter., Inc.*, 498 U.S. 533, 540-41 (1991) ("As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous."). 28 U.S.C. § 1930 and Item 6 of the Bankruptcy Court Miscellaneous Fee Schedule are not ambiguous: neither establish a fee for the filing of a notice of removal. If Congress or the Judicial Conference wanted bankruptcy court clerks to charge the same fee for the filing of a notice of removal as they do for adversary proceeding complaints, they could have easily done so. After all, that is just what Congress did by employing the broader language—"original process, removal or otherwise"—in 28 U.S.C. § 1914(a).

## Conclusion

Congress did not directly, through 28 U.S.C. § 1930 (a), (c) or (d), set a filing fee for the filing of a notice of removal. And, the Judicial Conference did not set such a fee in the Bankruptcy

Court Miscellaneous Fee Schedule. Therefore, the Motion is GRANTED, and no fee is required

from Mr. Zenonos for the filing of the Notice of Removal.


Dated: May 8, 2026 /s/ Peter G. Cary

Chief Judge Peter G. Cary
United States Bankruptcy Court
for the District of Maine